UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES HILDEBRANT, et al.,

                Plaintiffs,                    Case No. 13-cv-13972

v                                                        Honorable Thomas L. Ludington

MEREDITH CORPORATION,

                Defendant.

_____/

**ORDER DENYING MOTION TO QUASH AND SCHEDULING DISCOVERY CUT-OFF AND DISPOSITIVE MOTION DEADLINE**

On September 17, 2013, Defendants removed this case from Saginaw County Circuit Court. Plaintiffs allege that Defendants defamed them by stating that Plaintiffs were "accused of stealing items during a read" and had "been accused of stealing." Compl. ¶ 41.

On April 30, 2014, Plaintiffs issued a subpoena for Darnell Earley, the Emergency Manager of Flint.[1] Mot. to Quash Ex. 1. Plaintiffs indicated that they would like to depose Mr. Earley either May 28 or 29—only one or two days before the close of discovery. Resp. Ex. 1.

On May 12, 2014, counsel for Mr. Earley filed a motion to quash the third-party subpoena pursuant to Federal Rule of Civil Procedure 45. Mr. Earley contends that, as a high-ranking government official, the deposition would be improper because: "Regarding Plaintiffs' argument that they need to depose Mr. Earley to determine whether he spoke to Defendant, and presumably told them something else, this information, by definition, can be obtained by deposing Defendant—a party to this lawsuit." Mot. to Quash at 4. Mr. Earley relies on *Lossia v. Detroit Board of Education* in support of his argument that, as a high-ranking government

---

[1] During the time period relevant to this case, Mr. Earley was the Saginaw City Manager.

official, he should not be forced to attend the deposition: "When a party seeks to depose high-level decision makers who are removed from the daily subjects at issue in the litigation, the party must first demonstrate that the proposed deponent has 'unique personal knowledge' of facts relevant to the dispute. *Lossia v. Detroit Bd. of Educ.*, 2012 WL 3587339, at *1 (E.D. Mich. Aug. 20, 2012) (citing *Devlin v. Chemed Corp.*, 2005 WL 2313859 (E.D. Mich. 2005)).

Plaintiffs, however, contend that Mr. Earley had personal contact with the media, and that "[i]t is important that Plaintiffs[] be allowed to discover from Mr. Earley what information he provided to the media in both written and oral conversations since Defendant must report matters of public concern[] fairly and truly." Resp. at 5-6. Plaintiffs point to an August 31, 2012 e-mail to Saginaw's City Council in which Mr. Earley stated: "I also know that the media is aware of the pending issue so it may become public . . . ." Resp. Ex. 1.

Plaintiffs have thus shown that Mr. Early may have had unique personal knowledge of the relevant facts surrounding this case, and the high-ranking public official exception does not apply. Accordingly, Mr. Earley's motion to quash will be denied. However, the Court will impose some of Mr. Earley's suggested parameters during the deposition:

- The deposition will be limited to one hour.
- The deposition is to occur at Mr. Earley's office or a location of his choosing so as to limit any interruptions to his job duties.
- The deposition may occur before or after normal working hours.
- Questions should be limited to Plaintiffs' articulated reasons for deposing Mr. Earley— conversations with Defendant and his press release. If Plaintiffs ask questions beyond these areas, Mr. Earley will be allowed to end the deposition.

As a final matter, Plaintiffs request that they be awarded costs and attorney's fees pursuant to 28 U.S.C. § 1927 against Mr. Earley and his counsel. Sanctions under § 1927 may be awarded against an attorney for conduct that "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Section 1927 sanctions are appropriate when counsel "objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006).

Although Mr. Earley's motion to quash was ultimately unsuccessful, Mr. Earley's counsel did not "objectively fall short" of his legal obligations in challenging the subpoena. Mr. Earley has not abused the judicial process, and therefore sanctions are not warranted.[2]

Accordingly, it is **ORDERED** that Mr. Earley's motion to quash (ECF No. 7) is **DENIED**. Plaintiffs may depose Mr. Earley, but with the following limitations:

- The deposition will be limited to one hour.
- The deposition is to occur at Mr. Earley's office or a location of his choosing so as to limit any interruptions to his job duties.
- The deposition may occur before or after normal working hours.
- Questions should be limited to Plaintiffs' articulated reasons for deposing Mr. Earley— conversations with Defendant and his press release. If Plaintiffs ask questions beyond these areas, Mr. Earley will be allowed to end the deposition.

It is further **ORDERED** that Plaintiffs' request for sanctions is **DENIED**.

It is further **ORDERED** that the discovery cut-off and dispositive motion deadlines will be extended by **thirty (30)** days. The discovery cut-off is set for **June 30, 2014**. The deadline for

---

[2] The Court also notes that motions, such as requests for sanctions, may not be included within or appended to a response or a reply.

dispositive motions and motions challenging experts is set for **July 31, 2014**. All other dates in the October 8, 2013 Scheduling Order (ECF No. 5) will remain unaffected by this order.

So **ORDERED**.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: May 23, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on May 23, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

- 4 -