UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JAMES HILDEBRANT, et al.,

        Plaintiffs,                      Case No. 13-cv-13972

v                                          Honorable Thomas L. Ludington

MEREDITH CORPORATION,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION**

Plaintiffs are police officers with the Saginaw County Police Department. In the summer of 2012, Plaintiffs became the subject of an internal investigation regarding an inventory of a forfeited house. A confidential source provided information about the investigation to a reporter for Channel 5 news—operated by Defendant Meredith Corporation—which then aired a series of broadcasts regarding the internal investigation. Plaintiffs then initiated an action against Defendant for defamation related to those broadcasts.

On September 3, 2014, Defendant filed a motion for summary judgment, alleging that Plaintiffs cannot show that the broadcasts were false or that they were made with actual malice. In its October 23, 2014 Order, the Court determined that the statements that Plaintiffs were "accused of stealing during a raid" were substantially true and could not sustain a claim for defamation.

In contrast, the Court concluded that Plaintiffs had produced sufficient clear and convincing evidence that the statement that Plaintiffs were "accused of stealing *drugs*" was false and made with actual malice to demonstrate a question of fact that must be resolved by a jury

and may not be resolved by the Court. Accordingly, summary judgment was denied with respect to this allegedly defamatory statement.

On November 6, 2014, Defendant filed a motion for reconsideration of the October 23, 2014 Order. Defendant asserts that this Court erred in concluding that Plaintiffs had produced clear and convincing evidence that the statement that Plaintiffs were "accused of stealing drugs" was made with actual malice.

The motion for reconsideration will be denied for two reasons: (1) Defendant is simply re-asserting the same argument it advanced in its original motion for summary judgment, an improper subject for a motion for reconsideration; and (2) Plaintiffs have produced sufficient clear and convincing evidence that the statement that Plaintiffs were "accused of stealing drugs" was made with actual malice to require jury assessment of the question.

**I**

A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakeable, manifest, or plain." *Id*. at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997)).

**A**

Defendant contends that this Court made a palpable error by concluding that Plaintiffs have produced clear and convincing evidence that Defendant made the defamatory statement with actual malice. The argument is identical to the one they made in their motion for summary judgment, and which the Court has already addressed. Defendant does not agree with this

Court's conclusion, but that is not a basis for a motion for reconsideration. E.D. Mich. LR 7.1(g)(3) ("Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted."). Accordingly, Defendant's motion for reconsideration could be denied on this ground alone.

**B**

However, even examining the merits of Defendant's motion for reconsideration, there was no palpable error. It is true that it is the Plaintiffs' burden to establish by clear and convincing evidence that the defamatory statements were made with actual malice. Defendants omit, however, the standard governing motions for summary judgment—that a court must make all inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor.") (citing *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970)).

In its October 23, 2014 Order, this Court concluded that Plaintiffs had produced clear and convincing evidence from which a reasonable jury could conclude that Defendant made the defamatory statement with actual malice:

> Based on the evidence in the record, a reasonable jury could find actual malice with respect to the statement that Plaintiffs "are accused of stealing drugs." [Producer Mike] Herek testified that in researching the broadcast, he reviewed the press release and other documents in the archives.
>
> But nothing in the press release or in the memo made any reference to stealing drugs. Nor do prior broadcasts make any reference to stealing drugs. Indeed, not a single one of those documents reviewed by Herek support the statement that they are accused of stealing drugs.

Order 21, ECF No. 25. Because nothing in the record provided any explanation for Herek's statement that the Plaintiffs "are accused of stealing drugs," a reasonable inference is that Herek fabricated the statement:

> Defendant nevertheless contends that Herek never actually "entertained serious doubts" as to the falsity of the statements, thereby precluding a finding of actual malice.  Of course, this argument begs the question: how did Herek come up with this assertion and why did he not entertain serious doubts about the falsity of the statement?  There was no indication that any source explicitly or implicitly informed Herek that Plaintiffs had been accused of stealing drugs.  That there is evidence that Herek may have fabricated the statement is enough to show that he should have entertained serious doubts.

Order 22.

The cases cited by Defendant are unavailing.  Plaintiffs first rely on *Orr v. The Argus Press Company*, 586 F.2d 1108 (6th Cir. 1978).  In *Orr*, the Sixth Circuit concluded that the allegedly defamatory statements were true: "Neither Orr's complaint nor the opinion of the District Court identified any specific, factual errors in the article . . . we believe that the use of those words as statements of fact was substantially accurate."  586 F.2d at 1112.  Thus, the defendant in *Orr* could not have acted with actual malice—that is, reckless disregard for the falsity of the statements—because the statements were in fact true.  To the extent that *Orr* discusses the actual malice standard, it is the same standard applied by this Court in its October 23, 2014 Order:

> [T]here is no evidence that the newspaper thought its story was false or investigated and wrote the story with the kind of reckless "I-don't-care-about-the-truth" state of mind that would meet the requirement of scienter under the subjective malice standard.  This case suggests that courts must be cautious about letting libel cases got to the jury under the malice standard where there is no proof that the reporter or his newspaper *knew or suspected that the statements were false.*

*Orr*, 586 F.2d at 1114 (emphasis added).  The Court applied this exact standard in its October 23, 2014 Order.  *See* Order 19-20 ("To demonstrate actual malice, a plaintiff must prove that the defendant made the statement with 'knowledge that the published statement was false or with reckless disregard as to whether the statement was false or not.'") (quoting *Tomkiewicz*, 635 N.W.2d at 46).  As noted then, nothing indicated that that the statement that Plaintiffs "were

- 4 -

accused of stealing drugs" was true. No prior broadcasts,[1] no prior notes, no prior report, no prior summaries, no prior memos. This complete absence of evidence or documentary record leaves the simple inference that Herek made it up.

Defendant disputes that Herek "fabricated" the story, instead insisting that he transposed the words—i.e., that the statement Plaintiffs "were accused of stealing during a *drug* raid" became "Plaintiffs were accused of stealing *drugs* during a raid."[2] But this is not Herek's testimony. Herek stated that "I put the wrong word in a sentence . . . . I just screwed up." This "screw up" may have been either fabricating the word to sensationalize the story or simply transposing the words in the sentence. And a reasonable jury may believe that Herek merely transposed the words and may conclude that Herek did not act with actual malice. But the law prohibits what Defendant is requesting that this Court do—draw impermissible inferences in its favor on its motion for summary judgment. *See St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1318 (3rd Cir. 1994) ("This change is material because it changes and intensifies the false 'sting' [of the article]. None of the Daily News' affiants *can identify any source* for [the] change in the article's substance . . . Viewed again in the light most favorable to [the plaintiff], the record shows [the defendant] was aware of facts showing her changes to the article made it false.") (emphasis added).

Defendant's reliance on *Tomkiewicz v. The Detroit News, Inc.*, 635 N.W.2d 36 (2001), is similarly without merit. In *Tomkiewicz*, a photographer incorrectly identified an individual in a small group during a court hearing. *Id*. at 677. Although the individuals identified themselves

---

[1] Defendant insists that reference to earlier broadcasts "is misplaced[] and has in a very real way relieved Plaintiffs of their high burden of proof of showing the existence of malice by clear and convincing evidence." Mot. Reconsideration 7. But this Court is not relying on the prior broadcasts as evidence of actual malice. The Court referred to the earlier broadcasts only to see if there was any reference to Plaintiffs "stealing drugs" or any reference that would allow Herek to reasonably believe that Plaintiffs were "stealing drugs." There is not.

[2] The Oxford English Dictionary defines "fabricate" as "to 'make up'; to frame or invent (a legend, lie, etc.); to forge (a document)."

on the record, the photographer "lost track" of the individuals' identities. *Id*. Because the photographer could not remember the individuals, he asked a reporter outside the courtroom to identify the defendant:

> After the group left the courtroom at the hearing's conclusion, the photographer located the reporter outside the courtroom and inquired which individual was DeHart, to which the reporter responded "the guy on the right." The photographer explained that he assumed the report meant the right side from the photographer's perspective in the jury box.

*Id*. at 678. The photographer's assumption was incorrect, and a subsequent article misidentified an individual as the defendant, DeHart. *Id*.

In *Tomkiewicz*, the photographer relied on the reporter's statement that the defendant was "on the right." In the instant case, Herek cannot point to his reliance on a statement, memo, press release, or prior broadcast. Unlike in *Tomkiewicz*, Herek did not receive "bad" information that he relied on—Herek does not identify any information that leads him or any reasonable person to believe that Plaintiffs were accused of stealing drugs. At the risk of being repetitious, nothing supported the statement. Herek was not relying on any documents or statements when he wrote that Plaintiffs "are accused of stealing drugs."

Finally, Defendant asserts that there was no actual malice because Herek was upset about the events later. Herek claims that he apologized to Plaintiffs and was "physically sick" about the broadcast accusing Plaintiffs of stealing drugs. Again, a reasonable jury could certainly construe this regret as a lack of spite or ill will towards Plaintiffs, but that is not the standard for "actual malice" in defamation cases. "[I]ll will, spite or even hatred, standing alone, do not amount to actual malice." *Ireland v. Edwards*, 584 N.W.2d 632, 640 (Mich. Ct. App. 1998) (quoting *Grebner v. Runyon*, 347 N.W.2d 741, 744 (Mich. Ct. App. 1984)). Moreover, the Court is not a jury and may not take Herek at his word, given the complete lack of support for the

statement that Plaintiffs were "accused of stealing drugs." *See St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) ("Professions of good faith will be unlikely to prove persuasive, for example, *where a story is fabricated by the defendant, is the product of his imagination*, or is based wholly on an unverified anonymous telephone call. . . . Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or *the accuracy of his reports*.") (emphasis added). Construing all reasonable inferences in favor of the non-moving Plaintiffs, there is sufficient clear and convincing evidence that Herek acted with actual malice in stating that Plaintiffs were "accused of stealing drugs." Therefore, the Court may not accept Herek's testimony as a matter of law, and it may not commandeer the question of whether Herek acted with actual malice from the jury.

## C

The Court acknowledges that producing clear and convincing evidence of actual malice is a heavy burden for a plaintiff to bear; indeed, the burden is heavy because "the stake of the people in public business and the conduct of public officials is so great that neither the defense of truth nor the standard of ordinary care would protect against self-censorship and thus adequately implement First Amendment policies." *St. Amant*, 390 U.S. at 732.

But here, Plaintiffs have met that heavy burden: they have produced clear and convincing evidence by which a reasonable jury could conclude that Herek made up the story that Plaintiffs were accused of stealing drugs. Fabricating a story has been explicitly recognized by the Supreme Court as a way to show actual malice. *See St. Amant*, 390 U.S. at 73.

To be clear, the Court is not determining that Herek in fact acted with actual malice; that is a decision for the jury. And a reasonable jury could conclude that Herek acted with actual malice by clear and convincing evidence. Accordingly, Defendant has not identified a palpable

- 8 -

defect in this Court's October 23, 2014 Order, and Defendant's motion for reconsideration will be denied.

**II**

Accordingly, it is **ORDERED** that Defendant's Motion for Reconsideration (ECF No. 27) is **DENIED**. All remaining dates set forth in the October 8, 2013 Scheduling Order remain in effect, including the Final Pretrial Conference set for November 18, 2014.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: November 10, 2014

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 10, 2014.

s/Tracy A. Jacobs  
TRACY A. JACOBS